UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DILLAN NEWBOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:18-CV-01572-HEA |
| | ) | |
| CITY OF ST. LOUIS, etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL MEMORANDUM OF DEFENDANTS LEYSHOCK, BOYHER, SACHS, JEMERSON, KARNOWSKI, ROSSOMANNO AND RUFFIN IN SUPPORT OF JUDGMENT ON THE PLEADINGS**

Defendants Lt. Col. Gerald Leyshock, Lt. Scott Boyher, Lt. Timothy Sachs, Sgt. Randy Jemerson, Sgt. Matthew Karnowski, Sgt. Brian Rossomanno, and Officer Terrence Ruffin previously moved for judgment on the pleadings.  No memorandum was filed specific to this case; rather, defendants filed a copy of a memorandum filed in support of a similar motion in *Nelson v. City of St. Louis,* 4:19-cv-1561-JCH.  See ECF 81-1.  Defendants adhere to the legal arguments in the *Nelson* memorandum, because the issues regarding the defendants in this case are virtually identical to the issues in *Nelson*.  However, defendants wish to call the Court's attention to the following.

First, defendant Ruffin is not a defendant in *Nelson*.  In this case, the specific allegations against defendant Ruffin are as follows (2nd amd. complaint, ECF 33):

> 16. Terrence Ruffin is employed as a police officer with the SLMPD. Officer Ruffin arrested Plaintiff on September 17, 2017. Officer Ruffin knew or should have known that there was no probable cause for the arrest of Plaintiff and that there was no legal justification to use force against Plaintiff.

> 194. Defendants Ruffin and Does joined the conspiracy when they agreed to participate in the illegal kettling plan and then unlawfully arrested and used excessive force on Plaintiff.

1

Second, the allegations of the use of force against plaintiff claim that he was pepper sprayed and handcuffed ("zip-cuffed") by unidentified officers.  ¶¶139ff. Plaintiff does not allege that defendant Ruffin physically abused him in any way.  The allegations regarding handcuffing allege only that they were too tight and were left on for too long.  The allegations regarding pepper spray do not allege any injury aside from some pain.  There are no allegations of medical treatment for the effects of pepper spray.  ¶¶154ff.

It is evident, therefore, that even construed liberally, the amended complaint alleges at most that defendant Ruffin participated in plaintiff's arrest.  Plaintiff alleges no personal use of force against him by defendant Ruffin.[1]  See *White v. Jackson,* 865 F.3d 1064 (8th Cir. 2017). Plaintiff's conspiracy allegation is, therefore, the linchpin of all of his claims against defendant Ruffin.  That being so, defendants are entitled to qualified immunity, and judgment should be entered in their favor on all federal claims, based on the authorities cited in the *Nelson* memorandum.

Judgment should be entered in favor of all other defendants herein (Leyshock, et al.) for the reasons stated in the *Nelson* memorandum.

                Respectfully submitted,

                JULIAN L. BUSH
                CITY COUNSELOR

                Brandon Laird 65564(MO)
                Associate City Counselor

---

[1] Assuming that the generic allegations of ¶195 of the second amended complaint can be construed as alleging that defendant Ruffin handcuffed or sprayed plaintiff, it is obvious that the handcuffing did not amount to excessive force, and that the defendants could reasonably believe that the use of pepper spray did not exceed the *de minimis* threshold for a Fourth Amendment violation, so as to deny Ruffin qualified immunity on any excessive force claims.  See *Robinson v. Hawkins*, 937 F.3d 1128 (8th Cir. 2019); *Wright v. United States*, 813 F.3d 689 (8th Cir. 2015).

/s/Robert H. Dierker 23671(MO)  
Associate City Counselor  
dierkerr@stlouis-mo.gov  
Abby Duncan 67766(MO)  
Associate City Counselor  
Megan Bruyns 69987(MO)  
Assistant City Counselor  
Amy Raimondo 71291(MO)  
Assistant City Counselor  
1200 Market St.  
City Hall, Rm 314  
St. Louis, MO 63103  
314-622-3361  
Fax 314-622-4956