UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DILLAN NEWBOLD, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:18-CV-1572-HEA |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR FURTHER
JOHN DOE DISCOVERY

On May 29, 2020, plaintiff filed a motion [ECF 87] to amend the Court's "show cause" or scheduling order, to extend time for "John Doe" discovery and for amending the complaint to identify additional defendants. Plaintiff also filed a motion [ECF 88] for leave to file a third amended complaint. This Memorandum is submitted in opposition to the motion for further John Doe discovery, to the extent it seeks any relief other than a two-week extension for discovery (to which defendants were willing to agree). Defendants will file their memorandum opposing leave to file a third amended complaint within 14 days as provided by the local rules.

Discovery History

Defendants take strong exception to plaintiff's assertions that defendants have been intransigent or have in any way failed to perform their discovery obligations, as alleged in ¶¶19-20 of plaintiff's motion. Plaintiff is laboring under the apprehension that defendants are obliged to prove their case for him, contending that there is some obligation on defendants to "conduct their own discovery," and asserting that plaintiff has

done defendants' work "for them." Motion, ¶¶10-11. Plaintiff's views are at war with due process and the Federal Rules of Civil Procedure.

By his own admission, plaintiff had the police report regarding the mass arrest of which they were a part, prior to filing suit. ECF 87 ¶3. Even before the denial of most of defendants' motion to dismiss, defendants made plaintiff aware that all discovery in the *Ahmad* case would be made available to plaintiff.[1]

Defendants have cooperated diligently and fully with plaintiff's John Doe discovery demands to date. The appendix to this memorandum identifies all of the discovery conducted in this and companion cases, including plaintiffs' extensive effort to try to identify officers who, the various plaintiffs claim (and it is just a claim at this time), mistreated them. Such discovery has included 18 depositions specific to John Doe issues, and reams of paper discovery--including the police division operations plan that identified all officers assigned to civil disobedience teams (CDTs) at the time of any plaintiff's arrest. The *Ahmad* discovery materials in large part can be found in the district court file in 4:17-cv-2455, ECF 126 and exhibits; ECF 154-1, 154-2. In addition, defendants proffered a deponent pursuant to Rule 30(b)(6), Sgt. Charles Wall. Although plaintiff sneers at Sgt. Wall's efforts, the fact is that he has been functioning almost full time as an aide to defense counsel in investigating and responding to discovery in this and companion cases. As his deposition demonstrates, he has devoted countless hours to reviewing video, consulting with supervisors and other officers who were present at the various plaintiffs' arrest, and examining reports. Much of this time has been consumed in

---

[1] Defendants attempted to have all of the so-called Stockley protest cases consolidated for purposes of discovery. That motion was denied. See ECF 74. Notwithstanding, the parties have generally cooperated in the discovery process, but plaintiff's motion seeks to push John Doe discovery in this and other cases beyond reason.

attempting to identify officers who were in physical proximity to any plaintiffs at the time of their arrest.

Plaintiff does not mention that, in the course of the litigation of this and companion cases, erstwhile John Doe defendants *have* been identified in discovery. In particular, specific officers were identified in *Burbridge v. City of St. Louis, Nelson v. City of St. Louis,* and in this very case, as evidenced by the amended complaint adding defendant Ruffin. These individual defendants were identified through defendants' efforts to comply with their discovery obligations despite plaintiff's aspersions about "intransigence."

**1.     Plaintiff is entitled only to reasonable discovery to attempt to identify John Doe defendants, and reasonable discovery has been accomplished.**

Although the cases mechanically recite that fictitious defendant practice is not proper, that rule is honored in the breach in civil rights cases in particular. However, even in civil rights cases, there are limits. The general rule has been stated in many cases: situations arise where the identity of alleged defendants will not be known prior to the filing of a complaint; in such circumstances, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, *unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds*." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)(emphasis added). If reasonable discovery does not unveil the identities of the fictitious defendants, the John Doe defendants must be dismissed. E.g., *Church of Universal Love & Music v. Fayette County*, 892 F. Supp. 2d 736, 749 (W.D. Pa. 2012).

3

In the case at bar, plaintiff has had a full and fair opportunity to identify any and all John Doe defendants that he accuses of misconduct. There is no reason to subject defendants to further investment of time and expense in plaintiff's quixotic effort to identify persons who may not exist. At this juncture, after nearly two years, there is no reasonable likelihood that further discovery focused on John Doe defendants will be worthwhile. In this connection, defendants call the Court's attention to *Owaki v. City of Miami*, 491 F. Supp. 2d 1140 (S.D.Fla. 2007), a case very similar to the case at bar. In *Owaki,* there was video evidence of an officer in riot gear striking the plaintiff, and the officers who actually arrested plaintiff were named; but after three years of litigation, the plaintiff was unable to identify the officer who struck him. The district court held that the John Doe defendant had to be dismissed. So it should be in this case at this time.

Plaintiff now wishes to go beyond fishing: he wishes to drain the pond and collect fish from the bottom. *In re IBM Peripheral EDP Devices Antitrust Litigation*, 77 F.R.D. 39, 42 (N.D.Cal. 1977); cf. F.R.Civ.P. 26(b)(1). Unfortunately for plaintiff, in this case the draining of the pond will yield no fish, only wasted energy and expense.

**2.     There is no authority under the Rules of Civil Procedure for this Court to order defendants to identify John Doe defendants.**

Seizing on misleading dicta in *Munz v Parr,* 758 F.2d 1254 (8th Cir. 1985), plaintiff asserts that this Court should "order Defendants to disclose the identities of the remaining John Doe Defendants." Motion, ¶25. There is no such authority in this Court to order defendants to do so.

In *Munz,* the claim arose out of a search involving five officers, four of whom were known. The Court of Appeals declared:

4

>The complaint alleged that four of the named defendants, officers Parr, Chapman, Washburn and Hagist, together with John Doe, went to Munz's apartment. It also alleged that Doe grasped plaintiff's handcuffs by the chain, lifted his arms upward and inflicted "excruciating pain" to Munz's arms and wrists. With these specifics, it is quite likely, as Munz alleged, that Officer Doe is capable of being identified. Under these circumstances, it was improper for the court to dismiss the claim at such an early juncture. cf. *Brandon v. District of Columbia Board of Parole*, 236 U.S. App. D.C. 155, 734 F.2d 56, 59 (D.C. Cir. 1984) ("If it appears that the [pro se] complainant could, after discovery, offer facts which would validate the complaint, sua sponte  dismissal is premature."), cert. denied, 469 U.S. 1127, 105 S. Ct. 811, 83 L. Ed. 2d 804 (1985). Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery. See *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981); see also *Bivens v. Six Unknown Agents*, 403 U.S. 388, 390 n.2, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971) (district court ordered service upon agents shown by United States attorney's records to have participated in petitioner's arrest). Munz should have then been permitted to amend the complaint and serve the identified defendant. See *Maggette v. Dalsheim*, 709 F.2d 800, 803 (2d Cir. 1983). Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention. See *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982).

Obviously, the *Munz* Court assumed that the other officers necessarily would know the identity of the fifth.  In addition, the Court relied on *Bivens,* which involved a garden-variety arrest and in which records identified the officers participating in the plaintiff's arrest, so that the district court ordered joinder of those identified officers.  Here, by contrast, the mass arrest involved scores of officers in riot gear and more than 100 arrestees.  Just as plaintiff had no way of identifying officers without name tags, defendants have no superior means of pinpointing who (if anyone) had physical contact with plaintiff.

There is no reported case that defendants can locate in which a court has done what plaintiff proposes.  Plaintiff claims that he was subjected to excessive force by an unknown officer or officers.  2nd Amended Complaint [ECF 33] ¶¶144ff.  He describes "officer" with no other detail.  Nevertheless, defendants have responded to extensive

5

discovery designed to identify any officer who came into contact with any plaintiff.  The appendix to this memorandum and plaintiff's own papers demonstrate that extensive efforts have been undertaken to comply with all discovery demands.  It would be an extraordinary action indeed to compel defendants to do something that cannot be done.

Plaintiff upbraids defendants because many officers violated "guidance" about wearing name tags or other identifying information.  However, "guidance" is not the law.  The record shows that the City police had procedures in place to identify officers making contact with arrestees such as plaintiff, to report any use of force, and to investigate any complaints of misconduct.  An extensive police report was in fact prepared.  It should not be surprising, however, that there would be lapses in procedure during an extemporized mass arrest.  Moreover, the record shows that disorder and protest plagued the City of St. Louis for days during September 2017 and beyond.  Officers were compelled to work long hours in difficult conditions.  To expect perfection in reports and records, or total recall by officers as to precisely who had contact with which arrestee on September 17, 2017, years after the event, is to expect too much.

**3.    The proffered third amended complaint demonstrates that plaintiff's proposed additional John Doe discovery is not warranted.**

Although defendants will set out their opposition to the proposed third amended complaint in due course, it is evident from that pleading that there has been no failure by defendants to comply with their discovery obligations.  Plaintiff, presumably on the basis of reasonable investigation, cf. F.R.Civ.P. 11, now seek to add multiple defendants to this action.  Inasmuch as these defendants were not named previously, it can only be inferred

that their identities surfaced during discovery.  This effectually refutes plaintiff's contentions that still more John Doe discovery is needed.

Moreover, "Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). In the pleadings, both current and proposed, the only paragraph dedicated solely to the description of the John Doe defendants alleges the most general description of plaintiff's version of the actions of nearly all St. Louis Police officers during the mass arrest of September 17, 2017.  See ECF 33, ¶17; ECF 88-1, ¶19.  Significantly, after extensive discovery, plaintiff now seeks to name nearly every officer holding the rank of sergeant and above who was present at the intersection of Tucker and Washington, but also Officers Busso, Coats and Burle, and yet demands more John Doe discovery.  It is puzzling that, in spite of defendants' alleged "intransigence," plaintiff now can allege specific misconduct by the latter three named officers.  Clearly, there is no need for any additional John Doe discovery.

**4.    The John Doe claims should be dismissed without prejudice.**

Recognizing that the demands for further John Doe discovery are unreasonable, plaintiff proposes that the John Doe defendants be dismissed without prejudice.  Motion [ECF 87] ¶24.  Since such defendants may not in fact exist, the current named defendants really can have no objection to a dismissal without prejudice.  Defendants submit that dismissal without prejudice is indeed the proper course. See, e.g., *Schiff v. Kennedy*, 692 F.2d 196 (4th Cir. 1982).

Realistically, terminating special John Doe discovery will not prevent plaintiff from learning, in merits discovery, further information about the events of September 17, 2017.  In the unlikely event that any genuine evidence of misconduct by an as-yet-unidentified officer comes to light, nothing in the rules prevents plaintiff from seeking appropriate relief.  Until that happens, however, this Court really has no jurisdiction other than to dismiss the John Doe defendants at this time.  See *Price v. Marsh*, 2013 U.S. Dist. LEXIS 137153 (S.D. W.Va. 2013)("On its face, a complaint asserting allegations against a person whose identity is not known cannot do more than simply offer naked assertions and speculative facts. Where a party is not known or identified, a cause of action simply does not yet exist. No relief can be granted against an unidentified party. Additionally, federal courts maintaining jurisdiction over actions against John Doe defendants may very well be unconstitutional. Without an identified defendant, can a 'case or controversy' truly exist under Article III?")

Conclusion

Plaintiff's motion should be granted to allow at most an additional two weeks for further John Doe discovery; in the alternative, all remaining John Doe defendants should be dismissed without prejudice, with a case management order to enter in due course so that the parties can proceed to the merits.

Respectfully submitted,

JULIAN L. BUSH
CITY COUNSELOR

/s/ Robert H. Dierker
Robert H. Dierker  23671MO
Associate City Counselor
dierkerr@stlouis-mo.gov
Abby Duncan 67766MO

        Associate City Counselor
        Amy Raimondo 71291MO
        Assistant City Counselor
        1200 Market St.
        City Hall, Rm 314
        St. Louis, MO 63103
        314-622-3361
        Fax 314-622-4956