UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DILLAN NEWBOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-1572-HEA |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

In their opposition to Plaintiff's Motion for Leave to File Third Amended Complaint, Defendants argue that Plaintiff's proposed amended complaint is futile and prejudicial. Yet, Defendants ignore the fact that Plaintiff's claims have already survived a motion to dismiss. Moreover, Defendants failed to meet their burden to establish how they will be prejudiced by the proposed amended complaint.

Defendants fail to acknowledge that the parties have engaged in extensive discovery to allow Plaintiff to amend pleadings and allow the proceedings to continue efficiently. Nevertheless, Defendants argue that the proposed amended complaint "constitutes a transparently obvious attempt to impede those defendants' ability to mount a qualified immunity defense as to the claims of unlawful arrest and excessive force." Doc. No. 90 at 3-5. This is absurd. Plaintiff's motivation for filing the amended complaint was to comply with the Court's modified scheduling order which provided an October 15, 2020 deadline to file such a pleading. Doc. No. 100. Plaintiff notes that both parties agreed on this deadline in the Joint Scheduling Plan and has been extended multiple times by consent, meaning Defendants should be well aware of the deadline and Plaintiff's need to comply. Doc. Nos. 93, 99. Quite simply, Defendants lament their decision to file a Motion for

1

Judgment on the Pleadings that will be rendered moot due to their own mistiming. This Court should grant Plaintiff's Motion to file a Third Amended Complaint.

## ARGUMENT

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, when a party seeks leave to amend a pleading, courts should "freely give leave when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Id.* "Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir.1987)).[1]

The non-moving party has the burden to show undue prejudice "in light of the particular facts of the case." *Beeck v. Aquaslide "N" Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977) (citing *Standard Title Ins. Co. v. Roberts*, 349 F.2d 613, 622 (8th Cir. 1965)). An "'adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.'" *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 526 (8th Cir. 2000) (quoting *U.S. v. Continental Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989)). Even if the non-

---

[1] As stated above, there was no tactical or strategic decision to undercut Defendants. Rather, Plaintiff took great efforts to amend by the mutually agreed upon deadline. Having said that, the Eighth Circuit has been clear that even if there was a tactically chosen delay, courts should not view that as a sufficient reason to deny a party leave to amend. *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981).

moving party will be prejudiced in some way, that must be balanced against hardship to the moving party if denied leave to amend. *Buder*, 644 F.2d at 694 (citing *Scott v. Crescent Tool Co.*, 306 F.Supp. 884, 886 (N.D.Ga. 1969)).

In the present case, Defendants oppose Plaintiff's Motion only on the bases of futility and prejudice.

### I.     The proposed amended complaint is not futile.

A proposed amended complaint is not futile unless it could not withstand a motion to dismiss, pursuant to Rule 12 of the Federal Rules of Civil Procedure. *Trademark Med., LLC v. Birchwood Laboratories, Inc.*, 22 F. Supp. 3d 998, 1002 (E.D. Mo. 2014) (citing *Lexington Ins. Co.*, No. 1:11–CV–40, 2011 WL 5330744, at *2 (E.D. Mo. 2011). Plaintiff's current Complaint (Doc. No. 34-1), which includes most of the facts in the proposed amended complaint, has already survived a motion to dismiss. *See* Doc. No. 39.

Oddly, Defendants argue that Plaintiff's failure to intervene claims are futile because they allege that supervisors who were on the scene on September 17, 2017 are not liable for harms against Plaintiff if the supervisors had no personal contact with Plaintiff. Doc. No. 90 at 3. Defendants' nonsensical argument ignores the fact that personal contact with Plaintiff is irrelevant to a claim for failure to intervene. The claim arises from a failure to stop those who *did* have unconstitutional contact with Plaintiff. Defendants made no showing that Plaintiff's proposed failure to intervene count does not state a claim for relief.

Additionally, a grant of Plaintiff's motion for leave to amend will render moot Defendants' Motion for Judgment on the Pleadings. *Wilson v. Jefferson County*, 4:18-CV-1957 CAS, 2019 WL 2211115, at *1 (E.D. Mo. May 22, 2019) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002)). Nevertheless, Defendants use the Motion for Judgment on the

Pleadings for the current Complaint to support their argument that the proposed amendment is futile. Doc. No. 90 at 3.[2]

Defendants state that their Motion for Judgment on the Pleadings relies on the exhibits to the current Complaint. Doc. No. 90 at 4. In contravention of their argument that the Motion for Judgment on the Pleadings establishes that the proposed amended complaint is futile, Defendants also lament that they would be unduly prejudiced by the proposed amended complaint because the removal the exhibits attached to the current Complaint will damage Defendants' qualified immunity defense. *Id*.

Plaintiff maintain that Defendants' self-serving interpretations of Plaintiff's video exhibit (Doc. No. 23-1-7) and Defendants' self-serving testimony from a hearing involving the kettling at issue in this cause (Doc. No. 23-1-5) are not facts admitted in the current Complaint. "Where a plaintiff attaches to the complaint a document containing unilateral statements made by a defendant, where a conflict exists between those statements and the plaintiff's allegations in the complaint, and where the attached document does not itself form the basis for the allegations, Rule 10(c) 'does not require a plaintiff to adopt every word within the exhibits as true for purposes of

---

[2]     Defendants also cite *Burbridge v. City of St. Louis, Missouri*, 4:17-CV-02482-SRC, 2019 WL 7020183 (E.D. Mo. Dec. 20, 2019), where a judge in this district found officers qualifiedly immune to the Burbridges' unreasonable seizure claim on a motion for summary judgment. Doc. No. 90 at 3. However, a ruling at the summary judgment stage should not be dispositive for the purposes of evaluating pleadings on the failure to state a claim standard of a motion to dismiss. The Burbridge court found "uncontroverted evidence" that the officers had probable cause or arguable probable cause to arrest the Burbridges, WL 7020183 at *6, based on a very different factual record that which Plaintiff has and will put forward in this case. The Burbridge record included key factual admissions by the Burbridges that Plaintiff will vigorously contest. Plaintiff's record will include substantial evidence to controvert the admissions upon which the Burbridge court relied.

pleading simply because the documents were attached to the complaint to support an alleged fact.'" *Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008).

Nonetheless, Plaintiff regarded Defendants' Motion for Judgment on the Pleadings as notice of potential deficiencies in the current Complaint to be cured by the proposed amended complaint.[3] A proposed amended complaint is futile if it does *not* cure deficiencies contained in the complaint it seeks to replace. *See U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009). Defendants cannot cry foul because they made a tactical error in filing the Motion for Judgment on the Pleadings, even though they knew an amended complaint was forthcoming and they consented to its filing deadline. Without citing any legal authority whatsoever, Defendants ask the Court to rule on the Motion for Judgment on the Pleadings *before* granting Plaintiff's Motion. Doc. No. 90 at 5. The case law is clear that the Court should grant Plaintiff's Motion unless the proposed amended complaint is deficient or causes Defendants undue prejudice.[4] While inclusion of the exhibits might be more convenient for Defendants, Defendants have no authority to decide how Plaintiff presents properly pleaded allegations.

**II.     The proposed amended complaint is not unduly prejudicial.**

Defendants complain that the proposed amended complaint would subject 50 new defendants to discovery. Doc. No. 90 at 6. However, the "burden of undertaking discovery" does

---

[3]     The Eighth Circuit has consistently held that plaintiffs receive notice of deficiencies when defendants file motions to dismiss, and courts properly deny motions for leave to amend when plaintiffs fail to cure those deficiencies prior to courts' rulings on motions to dismiss. *See Ash v. Anderson Merchandisers*, LLC, 799 F.3d 957, 963 (8th Cir. 2015). *See also Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 616 (8th Cir. 2003)

[4]     In *Enterprise Rent-A-Car Co. v. U-Haul International Inc.*, a judge in this district rejected a defendant's argument that "a motion for leave to amend is futile . . . because the motion would be moot if the court granted the defendant's motion to dismiss." 327 F. Supp. 2d 1032, 1047 (E.D. Mo. 2004). A proposed amended complaint is not futile unless it "either fails to state a claim or fails to remedy an existing pleading defect." *Id.* at 1048.

5

not warrant denial of Plaintiff's Motion. *Dennis*, 207 F.3d at 526 (quoting *Continental Ill. Nat'l Bank & Trust Co.*, 889 F.2d at 1255).

Next, Defendants argue that Plaintiff unnecessarily delayed joining the proposed supervisory defendants to their suit. Doc. No. 90 at 6. Absent undue prejudice, delay in and of itself is not sufficient cause to deny Plaintiff's Motion. *Roberson*, 241 F.3d at 995 (citing *Sanders*, 823 F.2d at 217). Additionally, this is not true. Plaintiff only motivation for filing the proposed amended complaint was to comply with the Court's modified scheduling order stating that October 15, 2020 was the deadline to file such a pleading. Doc. No. 100.

Defendants also argue that "discovery will show that none of [the proposed supervisory defendants] had anything to do with plaintiffs." Doc. No. 90 at 6. Plaintiff has asserted claims against the supervisors based on theories of conspiracy, supervisor liability, and failure to intervene. This Court has already ruled that Plaintiff can bring these claims against supervisory defendants based on theories of conspiracy and supervisory liability. *See* Doc. No. 39. Defendants offer no explanation to establish how the addition of other supervisors would change the Court's ruling. Defendants further ignore that this matter is still in the pleadings stage, and Defendants will have ample opportunity to attack the sufficiency of the evidence against all Defendants at the summary judgment phase. At this stage, the proposed amended complaint properly states claims against each of the proposed supervisory defendants.

Moreover, Plaintiff did not unreasonably delay joinder of the proposed supervisory defendants. Plaintiffs have been diligently pursuing this information for approximately one and a half years. The City did not produce the roll call sheet identifying the officers who participated in the kettling until August 2019. Finally, Plaintiff became acutely aware of the supervisors' liability during the numerous depositions Plaintiff conducted in the last few months, attempting to identify

6

the John Doe Defendants who assaulted Plaintiff and violated Plaintiff's rights. Assuming *arguendo* that there was any delay attributable to Plaintiff, Defendants do not establish how this delay prejudiced them or the proposed supervisory defendants.

Interestingly, because Defendants believe the "identities of all supervisors on the scene were discoverable at the outset of this case, and the essence of the theory of liability was pleaded" in the current Complaint (Doc. No. 90 at 6), the proposed supervisory defendants should have been on notice that Plaintiff would assert claims against them as discovery progressed. In fact, the proposed supervisory defendants should have been on notice that they could be joined in the present suit because all or most of them are named in *Street v. City of St. Louis*, another lawsuit arising from the same September 17, 2017 kettling. *See* 4:19-cv-02590-CDP (E.D. Mo. Jan. 15, 2020), Doc. No. 13. A proposed amended complaint is not unduly prejudicial when it introduces a claim based on facts already known or available to both sides. *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (citing *Buder*, 644 F.2d at 694). The additional claims in the proposed amended complaint arise from the same facts of which Defendants were already aware, and the joinder of parties logically captures bad actors typical of lawsuits against police.

In *Roberson v. Hayti Police Dept.*, the Eighth Circuit reversed the district court's order denying the plaintiff's motion to amend. 241 F.3d at 996. The Eight Circuit found no undue prejudice because an 11-month delay between the complaint and the proposed amendment was not prejudicial *per se*; the party joined by the proposed amendment had notice of its potential inclusion due to the plaintiff's previous complaint and the district court's order dismissing the city's police department; the additional counts set forth in the proposed amendment were typical of § 1983 litigation; and much of the evidence the newly-added defendant needed to defend itself was already in its possession. *Id.*

7

In *Williams v. Little Rock Mun. Water Works*, 14 months elapsed between filing of the motion for leave and filing of the complaint the plaintiff sought to amend, discovery was closed, and trial was fewer than three weeks away. 21 F.3d 218, 224 (8th Cir. 1994). The Eighth Circuit noted that the defendants the proposed amendment sought to join had no notice of the suit, and, therefore, those defendants would be unduly prejudiced by grant of the plaintiff's motion so far into the proceedings. *Id.* at 224-25. *See Buder*, 644 F.2d at 694 (holding that a 2.5-year delay between the proposed amendment and the complaint it sought to replace was not prejudicial, as similar facts gave rise to both, and there was time for any additional discovery that might be necessary.); *see also Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (finding prejudice where the proposed amendment would require reopening of discovery five weeks before trial and the proposed amendment included new, substantive claims arising from facts not included in the complaint in effect.); *Dennis*, 207 F.3d at 526 (8th Cir. 2000) (finding no prejudice even when discovery had to be reopened, and there were fewer than three months until the trial date.); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971) (finding prejudice where allowing the defendant to file an amended answer would require reopening the record and retrying the issue of damages.)

Defendants cite *Doe v. Cassel*, *Earlie v. Jacobs*, and *Plumley v. Allstate Insurance Co.* in support of their argument that they will be unduly prejudiced by the proposed amended complaint. Doc. No. 90 at 5. All three cases are inapposite. In *Cassel*, the court found undue prejudice because the plaintiff ignored the district court's repeated orders to state allegations against the defendants with particularity and persistently failed to comply with the discovery schedule. 403 F.3d 986, 990 (8th Cir. 2005). The court found that the plaintiff's malfeasance unduly delayed the defendants' opportunities to terminate litigation based on qualified immunity. *Id.* In the present case, Plaintiff

has not ignored any orders from the Court, failed to comply with the discovery schedule, or committed any other malfeasance. In fact, the proposed amended complaint was filed by the date this Court specifically ordered an amended complaint to be filed.

In *Earlie*, the district court denied the plaintiff's demand for a jury trial upon its finding that the plaintiff's claim for equitable relief, along with monetary damages, barred a jury trial, and the court denied the plaintiff's subsequent motion for leave to amend to remove her claims for equitable relief. 745 F.2d 342, 344 (5th Cir. 1984). The Fifth Circuit affirmed, holding that the proposed amended "added nothing of substance to the original allegations" and was only intended to circumvent the district court's jury trial denial, causing undue prejudice to the defendants by delaying trial. *Id.* at 345. In the present case, Plaintiffs do not seek to circumvent any orders, the proposed amendment would not delay trial, and the proposed amended complaint adds substance, such as stating additional claims for relief and naming additional bad actors.

In *Plumley*, the plaintiff failed to file a claim against a motorist before expiration of the statute of limitations and sought leave to amend his complaint to join the motorist once he realized he had to recover against the motorist to pursue additional damages against the insurance company defendant. 772 F. Supp. 922, 924 (S.D.W. Va. 1991). The district court denied the plaintiff's motion for undue prejudice because it would "virtually eliminate the affirmative defense of the statute of limitations." *Id.* In the present case, the proposed amended complaint would not eliminate Defendants' qualified immunity defense. Even if Defendants were foreclosed from relief at the pleadings stage, that is a consequence of Defendants' own tactical error in filing their Motion for Judgment on the Pleadings when they knew Plaintiffs' motion for leave was forthcoming and they had already consented to the filing deadline.

Finally, any prejudice Defendants would endure due to grant of Plaintiff's Motion is outweighed by Plaintiff's rights to pursue all bad actors responsible for the violations of their bodies, their dignity, and their constitutional rights. *See Buder*, 644 F.2d at 694-95 (holding that the hardship the plaintiff would suffer due to being foreclosed from prosecuting a claim at trial outweighed any prejudice a proposed amendment would cause the defendant due to delay.) Justice requires grant of Plaintiff's Motion.

Defendants' recommendation that the Court rule on the Motion for Judgment on the Pleadings (Doc. No. 103 at 4) would actually be unduly prejudicial to Plaintiff. Even if the Court denies Defendants' Motion, Plaintiff will be unduly prejudiced by delay in undergoing discovery with the proposed defendants, impacting prosecution of Plaintiff's claims against the proposed supervisory defendants and the proposed defendants that had previously been John Does. If the Court grants Defendants' Motion for Judgment on the Pleadings at this time, Plaintiff will be unduly prejudiced by the fact that the Eighth Circuit regards motions for leave to amend differently at varying stages of litigation. Although pretrial motions for leave to amend are "'granted liberally . . . different considerations apply to motions filed after dismissal.'" *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009) (quoting *Briehl v. General Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999)).

### III. The Court should not decline to exercise supplemental jurisdiction over the proposed count for vicarious liability under the City Charter.

As Defendants acknowledge, Article VIII, Section 5 of the Charter of the City of St. Louis states that "[e]ach head of a department, office or division shall be responsible for the acts or omissions of officers and employees appointed by him, and may require bonds or other securities from them to secure himself." The Court should not decline to exercise jurisdiction over the proposed vicarious liability count because it arises from the conduct giving rise to every other

10

count of the proposed amended complaint. Curiously, Defendants argue that the proposed count "is not ripe unless and until Plaintiffs prevail on their claims against defendant O'Toole and Deeken's subordinates." Doc. No. 90 at 8. Defendants ignore the fact that other claims—like those for supervisor liability, failure to intervene, and municipal liability—are also dependent on a plaintiff prevailing against the direct actors. That is not a fact necessitating dismissal of the proposed vicarious liability count. Because the other proposed counts are not futile, the Court should not dismiss the proposed vicarious liability count until it analyzes a fully briefed motion to dismiss, should Defendants choose to file one upon entry of the proposed amended complaint. *See Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255–56 (8th Cir. 1994) (quoting *Buder*, 644 F.2d at 695 ("This court has stated that a party's motion to amend should be dismissed on the merits 'only if [it] assert[s] clearly frivolous claims or defenses.' Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous.")).

Plaintiff recognizes that this vicarious liability count presents a novel argument and that no court has addressed it. Defendants claim that the absence of a reported case weighs against Plaintiff's interpretation. However, Defendants ignore that the more likely reason no such case law exists is that the City of St. Louis only recently wrested control of the St. Louis Metropolitan Police Department from the State of Missouri. Because the State had control of the police department, the issue of City department heads' vicarious liability could not have been asserted or litigated. However novel this argument may be, the fact remains that the City Charter imputes personal liability of City employees to the head of each department, office or division employing those people. On September 17, 2017, Defendant Deekens was the Public Safety Director and Defendant O'Toole was the acting Chief of Police. The other individual Defendants worked for Defendants

11

Deekens and O'Toole during the events that give rise to the proposed amended complaint. Accordingly, under the City Charter, Defendants Deekens and O'Toole are personally liable for the acts of their employees.

While the courts have never had occasion to address this issue, the City Counselor issued an opinion that confirmed that this Charter provision means that department heads are "personally responsible for the acts or omissions of the subordinates appointed by them." *See* Opinion No. 8753, attached hereto as Exhibit A. Defendants split hairs, claiming that appointment is distinguishable from employment. Under Defendants logic, the Charter provision would render department heads liable for the actions of persons they personally appointed but not liable for the actions that a predecessor appointed. That is not a sensible interpretation, and Defendants cite to no authority to support this claim. The more logical interpretation is that the Charter makes department heads liable for the actions of their employees.

Defendants claim that cities are not permitted to create causes of action. *Yellow Freight Sys., Inc. v. Mayor's Comm'n on Human Rights of City of Springfield*, 791 S.W.2d 382, 386 (Mo. banc 1990). In that case, the court considered whether a city could create its own municipal human rights commission to determine violations of its human rights ordinance. The court found that such an action was only vested in the power of the General Assembly. The City Charter provision, however, does not involve creating an entity to enforce its own ordinances in contravention of state law. *Yellow Freight* addresses a municipality creating a private right of action against a third party. *Id.* at 384. Here, the City's ordinance creates liability to its own department heads. *Yellow Freight* also explicitly acknowledges that an ordinance may establish an element of tortious conduct. *Id.* Defendants do not point to any authority barring it from promulgating such a Charter provision or to any state or federal authority with which this Charter provision conflicts.

12

Plaintiff recognizes the holding that public officers are not responsible for acts of subordinate officials under state law. *See Davis-Bey v. Missouri Dep't of Correction*, 944 S.W.2d 294, 298 (Mo. App. 1997). Yet, that case does not prohibit a city from creating vicarious liability for municipal employees, as the City Charter has done. The drafters of the City Charter chose to include this provision. It has not been repealed, it is not barred by state or federal law, and no higher government entity has usurped this authority. In fact, the "home-rule" case law cited by Defendants, *Cooperative Home Care, Inc. v. City of St. Louis*, provides that "police power is among those powers incident to a city's affairs, so that charter cities have authority to enact ordinances having a substantial and rational relation to the 'peace, comfort, safety, health, morality, and general welfare' of its inhabitants . . . even though those issues also are addressed by state and national laws." 514 S.W.3d 571, 586–87 (Mo. banc 2017) (quoting *Missouri Dental Bd. v. Alexander*, 628 S.W.2d 646, 650 (Mo. banc 1982)). Thus, the City is authorized to make public safety officials vicariously liable for the tortious and unconstitutional acts of their officers. It would be nonsensical to argue that the City can promulgate health, safety, and welfare laws for which citizens are held, and simultaneously are that the City is barred from holding its employees accountable under similar laws.

Finally, Defendants claim that application of this provision amounts to an impermissible waiver of sovereign immunity. However, the Charter does not impose liability on the City, only on the individual employees. The Charter provision imputes the individual liability of the individual employees onto the department head.

To the extent this implicates sovereign immunity, a municipality can specifically waive its immunity. *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 414 (Mo. App. 2008). Plaintiff notes that in 1978, the Missouri General Assembly passed a provision creating certain statutory

13

exceptions to common law sovereign immunity. § 537.600, RSMo. According to that statute, "[s]uch sovereign or governmental tort immunity *as existed at common law* in this state prior to September 12, 1977, *except to the extent waived*, abrogated or modified by statutes *in effect prior to that date*, shall remain in full force and effect." *Id.* (emphasis added). The City Charter was passed in 1914, well before the enactment of this statute. Thus, if the City Charter constitutes a waiver of sovereign immunity, such waiver existed prior to the enactment of § 537.600, RSMo.

### IV. Defendants' Objection to Count XIII is Irrelevant to a Motion to Amend.

In their opposition, Defendants "object that plaintiff's novel theory of supervisory liability… is wholly insufficient to warrant impleading scores of supervisory police officers in this case." *See* Doc. No. 103 at 2. As with all of Defendants' arguments, this is an argument appropriate for a motion to dismiss, not an opposition to a motion to amend.

Moreover, as Defendants acknowledge, the Eighth Circuit has held that a "failure to intervene requires showing of knowledge that excessive force would be or was being used on the plaintiff." *See* Doc. No. 103 at 2. Plaintiff pleaded that Defendants witnessed the excessive use of force against Plaintiff, had the means to intervene and stop the excessive force used on Plaintiff, and failed to intervene. Plaintiff has properly pleaded a failure to intervene claim.

### CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's Motion for Leave to File Third Amended Complaint.

Date: November 9, 2020	Respectfully submitted,

	KHAZAELI WYRSCH, LLC

	Javad M. Khazaeli, #53735(MO)
	James R. Wyrsch, #53197(MO)
	Kiara N. Drake, #67129(MO)
	911 Washington Avenue, Suite 211
	St. Louis, MO 63101
	(314) 288-0777
	kiara.drake@kwlawstl.com
	javad.khazaeli@kwlawstl.com
	james.wyrsch@kwlawstl.com

	and

	ARCH CITY DEFENDERS

	/s/ *Nathaniel R. Carroll*
	Blake A. Strode, #68422(MO)
	Maureen G. V. Hanlon, #70990(MO)
	John M. Waldron, #70401(MO)
	Nathaniel R. Carroll, #67988(MO)
	440 N. Fourth Street, Suite 390
	Saint Louis, MO 63102
	855-724-2489 ext. 1012
	bstrode@archcitydefenders.org
	mhanlon@archcitydefenders.org
	jwaldron@archcitydefenders.org
	ncarroll@archcitydefenders.org

	**Attorneys for Plaintiff**